UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER M. WHITEHURST,
on behalf of himself and others
similarly situated,

        Plaintiff,

vs.                                    Case No.: 8:12-cv-00334-JDW-TGW

GULF COAST PROCESSING, INC.,
a Florida Corporation, CARIBBEAN
CRUISE LINE, INC., a Florida Corporation,
and KELLY DEPERGOLA, LINDA
CHASE, and TOM DEPERGOLA,
Individually,

        Defendants.

_____/

## PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF REQUEST FOR AN AWARD OF ATTORNEYS' FEES

Plaintiff CHRISTOPHER WHITEHURST, as well as Opt-In Plaintiffs MELISSA GOOD, CAROL MARINO, LESLIE MCCABE, STEPHEN SCHARALDI, JEFFREY SIMS, PAMELA TULLY, AND PATRICIA WILLIAMS, by and through their undersigned counsel, file this Motion and Supporting Memorandum in Support of an Award of Attorneys' Fees and Costs and say:

### PROCEDURAL HISTORY

1.      On February 21, 2012, Plaintiff filed his Complaint seeking unpaid overtime wages, unpaid mínimum wages, an additional equal amount as liquidated damages, as well as attorneys' fees and costs.  (DE 1).

2.      Plaintiff filed an Amended Complaint on April 12, 2012.  (DE 20).

1

3.     Defendants filed Answers denying any liability for unpaid wages on April 12, 2012.  (DE 23, 24, 25).

4.     On October 25, 2012, 13 Opt-In Plaintiffs filed Notices of Consent to Join: Amanda Blood, Deontae Brown, James Chism, Mark Harkness, Edgar Hill, Joshua Holcomb, Carol Marino, Stephanie Moller, Stephen Scharaldi, Jeffrey Sims, Pamela Tully, Patricia Williams, and Jamie Wisner.  (DE 31).

5.     On December 26, 2012, Opt-In Plaintiffs Joshua Holcomb and James Chism filed Notices of Withdrawal of Consent.  (DE 37).

6.     On February 27, 2013, Opt-In Plaintiffs Mark Harkness, Edgar Hitt, Stephanie Moller, and Jamie Wisner filed Notices of Withdrawal of Consent.  (DE 47).

7.     On March 4, 2013, Melissa Good, Leslie McCabe, and Kieran O'Brien filed Notices of Consent to Join.  (DE 48).

8.     Amanda Blood filed a Notice of Withdrawal of Consent on March 6, 2013.  (DE 49).

9.     Kieran O'Brien and Deontae Brown filed Notices of Withdrawal of Consent on March 26, 2013.  (DE 59).

10.    Opt-In Plaintiffs Sims and Marino were deposed on March 6, 2013. Opt-In Plaintiffs McCabe, Scharaldi and Tully were deposed on March 7, 2013.   Opt-In Plaintiff Williams was depose don March 8, 2013.

11.     The Parties mediated this matter on March 19, 2013.  At mediation, Plaintiff

Whitehurst, and Opt-In Plaintiffs Good, McCabe, Scharaldi and Williams agreed to settle their

claims.[1]

12.     Following mediation, Opt-In Plaintiffs Marino, Sims and Tully resolved their

claims as well.[2]

13.     In the Settlement Agreements entered into at mediation, the Plaintiff and Opt-In

Plaintiffs agreed that "[e]ntitlement to fees, if any, will be decided by the Court upon Motion by

Plaintiffs' attorney as prescribed by Statute and in accordance with the Court's Local Rules.

Plaintiff agrees that the attorneys' fees already awarded to Defendants against Plaintiff as a result

of the Court's Order (Doc. 40) on Defendants' Motion to Compel and Sanctions (Doc. 38), will

be set off against whatever fees the Court may award Plaintiff's counsel, if any, as a result of

Plaintiff's counsel submitting his fee petition to the Court, and the Plaintiff's fee award will be

reduced accordingly." (DE 62-1).

14.     Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Plaintiff and Opt-

In Plaintiffs file this Motion in Support of an award of their attorneys' fees and costs incurred to

date in this matter.

## MEMORANDUM OF LAW

The Eleventh Circuit has ruled that ". . . attorney fees are an ***integral part of the merits of

FLSA cases and part of the relief sought therein***."  *Shelton v. Ervin*, 830 F.2d 182, 184 (11th

Cir. 1987) (emphasis supplied). The FLSA is a remedial statute that "has been construed liberally

to apply to the furthest reaches consistent with congressional direction."  *Johnston v. Spacefone*

---

[1]  Plaintiff Whitehurst settled for $4,500.00; Opt-In Plaintiff Good settled for $858.00; Opt-In Plaintiff McCabe settled for $1,108.00; Opt-In Plaintiff Scharaldi settled for $500.00; and Opt-In Plaintiff Williams settled for $925.00.
[2]  Opt-In Plaintiff Marino settled for $2,750.00; Opt-In Plaintiff Sims settled for $2,200.00; and Opt-In Plaintiff Tully settled for $3,250.00.

*Corp.*, 706 F.2d 1178, 1182 (11th Cir. 1983); quoting *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211, 79 S. Ct. 260, 264, 3 L. Ed. 2d 243 (1959). Courts have long recognized that to achieve the remedial goal of the FLSA, attorneys' fees must be awarded. Awarding employees their attorneys' fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and "thereby to ensure competent legal representation for legitimate claims." *Odil v. Evans*, No. 3:01-CV-70, 2005 WL 3591962 (M.D. Ga. Dec. 30, 2005).

The great majority of FLSA claims deal with working class people who ordinarily would not have the financial resources to pay an attorney to pursue their overtime or minimum wage claims. This is especially true given that most FLSA claims do not involve significant amounts of money and often the attorney fees are more than the FLSA claim itself. Defendants may argue that the Plaintiffs settled for less than the amount originally sought, and thus attorneys' fees and costs should be reduced. This is incorrect. "Fee awards, however, should not simply be proportionate to the results obtained by the Plaintiff." *James v. Walsh Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007); citing *City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S. Ct. 2896, 91 L. Ed. 2d 466 (1986).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rate." *Norman v. Hous. Auth. of City of Montgomery*, 836 F. 2d 1292, 1303 (11th Cir. 1988). A fee applicant may meet this burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Id*., at 1299. The Court may also use its own expertise and judgment to make an independent assessment of the value of the attorney's services. *Id*., at 1303. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant,

or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

The Court is required to scrutinize attorneys' fees in FLSA matters. *Silva v. Miller*, 307 F. App'x 349 (11th Cir. 2009). Further, the Court is accorded broad discretion in addressing attorneys' fees. *Villano v. City of Boynton Beach*, 254 F. 3d 1302, 1305 (11th Cir. 2001) ("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.").

The fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rate. *Hensley v. Eckhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The fee applicant must also support the number of hours worked. *Id*. The attorney should exclude from the hours reasonably spent on litigation are hours spent on tasks that are excessive, redundant, or otherwise unnecessary. *Id*., at 434. If the attorney fails to carry that burden, the Court "is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees." *Norman*, at 1303.

The Court must use the lodestar approach by multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F. 3d 776, 781 (11th Cir. 1994).

A reasonable hourly rate is determined using the prevailing market rate in the relevant community for lawyers of comparable skill, experience, and reputation. *Duckworth v. Whisenant*, 97 F. 3d 1393, 1396 (11th Cir. 1996).

### A.     Amount of Attorneys' Fees and Costs

In order to calculate the fees to which an attorney is entitled, the Court employs the lodestar method and multiplies the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *Louisiana Power & Light Co. v. Kellstrom*,

50 F. 3d 319, 324 (5th Cir. 1995). The Court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case. *Id*. Adjustments are to be made as necessary in the particular case. See *Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544, 79 L. Ed. 2d 891 (1984); *Kreager v. Solomon & Flannagan, P.A.*, 775 F. 2d 1541 (11th Cir. 1985); *Hendrick v. Hercules, Inc.*, 658 F. 2d 1088 (5th Cir. 1981).

In considering a fee under a lodestar calculation, courts look to twelve factors, set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974). The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*., at 717-19; see also *Norman v. Housing Auth. of City of Montgomery*, 836 F. 2d 1292 (11th Cir. 1988).

**B.     Application of the *Johnson* Factors**

Counsel for Plaintiffs should be paid as is traditional with attorneys compensated by a fee-paying client for all time reasonably expended on a matter. See *Blanchard v. Bergeron*, 489 U.S. 87, 91, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989). The party seeking attorneys' fees bears the burden of documenting the appropriate hours expended. See *Louisiana Power & Light Co. v. Kellstrom*, 50 F. 3d 319, 324 (5th Cir. 1995).

First, as to the time and labor required for this litigation, attached to this Motion as Composite Exhibit A is the Affidavit of Tracy Martinell Henry, in which the undersigned

provides the Court with the requisite itemized statement of the time and labor expended on this matter.  The Affidavit contains a certification that the Affiant has fully reviewed the time records that are the supporting data for the Affidavit and that the hours claimed are well grounded in fact and justified.  The Affidavit of Tracy Henry confirms the total hours incurred in litigating this case to date.  Time sheets confirming the same have been attached and the entries differentiate the legal work that was completed in this matter.  The total hours up to the filing of this Motion are 309.6 attorney and paralegal hours totaling fees in the amount of $61,705.00  Additionally, Plaintiffs incurred taxable costs in this matter in the amount of $2,190.21.

In determining the reasonable hourly rate, courts look to the reasonable hourly rate for attorneys of a similar caliber practicing in the community.  See *Watkins v. Fordice*, 7 F. 3d 453, 458 (5th Cir. 1993); *Tollett v. City of Kemah*, 285 F. 3d 357, 368 (5th Cir. 2002).  When an attorney's requested rate is her customary billing rate and within the range of prevailing market rates, the court should consider the rate prima facie reasonable if not contested.  See *Louisiana Power & Light*, 50 F. 3d at 328.  As noted below, case law regarding recent fee awards in FLSA cases supports a fee award at a rate of $300.00.

## C.    Recent Fee Awards in FLSA Cases

A survey of recent FLSA cases reveals the following fee rates awarded in the Middle District of Florida for similar cases:  *Montes v. Luxottica Retail North America, Inc.*, No. 6:09-cv-2179-Orl-22DAB, 2010 U.S. Dist. LEXIS 41297 (M.D. Fla. April 19, 2010) (awarding $350.00 per hour); *Sanchez v. Statewide Mortgage Group, LLC*, No. 6:08-cv-00875-Orl-31GJK, 2008 U.S. Dist. LEXIS 75259 (M.D. Fla. March 26, 2010) (awarding $300.00 per hour); *Quinones v. J.P. Morgan Chase & Co.*, No. 6:09-cv-00299-Orl-31GJK, 2010 U.S. Dist. LEXIS 6194 (M.D. Fla. January 8, 2010) (same); *Rastellini v. Amy Charles, Inc.*, No. 6:08-cv-255-Orl-

28GJK, 2009 U.S. Dist. LEXIS 73068 (M.D. Fla. August 17, 2009) (same); *Vega v. Amer. Int'l Corp.*, No. 8:08-cv-00128-T-24-TBM, (M.D. Fla. 2009) (same); *Callow v. Arch Angel Welding and Masonry, Inc.*, No. 8:08-cv-1590-T-24, 2009 U.S. Dist. LEXIS 124014 (M.D. Fla. March 27, 2009) (same); *Swisher v. The Finishing Line, Inc.*, No. 6:07-cv-1542-Orl-28GJK, 2008 U.S. Dist. LEXIS 13389 (M.D. Fla. September 22, 2008) (same); *Maranon v. Appliance Direct, Inc.*, No. 6:07-cv-1160-Orl-22DAB, 2007 U.S. Dist. LEXIS 99572 (M.D. Fla. December 21, 2007) (same); *Smith v. Richard's Restoration, Inc.*, No. 6:05-cv-1072-Orl-DAB, 2007 U.S. Dist. LEXIS 1395 (M.D. Fla. January 8, 2007) (same); *Stoudt v. C T Windows, Inc.*, No. 6:08-cv-1015-Orl-28DAB, 2009 U.S. Dist. LEXIS 115727 (M.D. Fla. December 15, 2008) (same); *Rivera v. Hair Club for Men, Ltd., Inc.*, No. 6:08-cv-879-Orl-19DAB, 2008 U.S. Dist. LEXIS 115515 (M.D. Fla. December 8, 2008) (same); *Ball v. IFO, Inc.*, 6:08-cv-540-Orl-31GJK, 2009 U.S. Dist. LEXIS 11403 (M.D. Fla. February 17, 2009) (same); *McGill v. Pegasus Foods, Inc.*, No. 6:10-cv-754-Orl-28GJK, 2010 U.S. Dist. LEXIS 116129 (M.D. Fla. 2010) (awarding $275 per hour); *Young v. Hilton Grand Vacations Club, LLC*, No. 6:10-cv-201-Orl-28DAB, 2010 U.S. Dist. LEXIS 137950 (M.D. Fla. December 6, 2010) (awarding $250 per hour); *Simeone v. Specialty Roofing and Coating Co.*, No. 6:07-cv-890-Orl-31GJK, 2008 U.S. Dist. LEXIS 55796 (M.D. Fla. May 15, 2008) (same); *Jimenez v. Elite Associates & Group, Inc.*, No. 6:07-cv-638-Orl-31KRS, 2007 U.S. Dist. LEXIS 99590 (M.D. Fla. February 13, 2007) (same); *Reyes v. Falling Star Ent., In*c., No. 6:04-cv-1648-Orl-KRS, 2006 U.S. Dist. LEXIS 74617 (M.D. Fla. October 12, 2006) (same); *Michaud v. U.S. Steakhouse Bar and Grill, Inc.*, No. 6:04-cv-1371-Orl-UAM, 2007 U.S. Dist. LEXIS 65404 (M.D. Fla. September 5, 2007) (same)..[3]

In *Snyder v. A1 Prop. Pres*, No. 8:12-cv-2014-T-17-MAP, 2013 U.S. Dist. LEXIS 86145 (June 19, 2013), the Tampa Division of the Middle District of Florida found that $300.00 per

---

[3]  Plaintiffs' counsel does not represent that these cases represent all fee awards. There are merely a sampling.

hour was a reasonable rate for an attorney who had been admitted to the Florida Bar in 1995. In

*Peet v. C&S Building Maintenance Corp.*, No. 8:07-cv-1762-JSM-TGW (April 1, 2008),

$300.00 was found to be a reasonable rate for FLSA cases in the Middle District of Florida. See

also *Scholl v. Night Dreams, Inc.*, No. 8:07-cv-1761-T-30MAP (August 8, 2008). The attorney

in those cases was admitted to the Florida Bar in 1999. Counsel in this matter was admitted to

the Florida Bar in 1996. As such, $300.00 per hour is a reasonable rate for the undersigned.

### E.    Recent Florida Surveys

Recent surveys confirm that an hourly rate of $300.00 is reasonable for the undersigned.

The Florida Bar's 2012 Economics and Law Office Management Survey's statistics revealed the

average hourly rate for attorneys in Central Florida. In 2012, approximately 42% of Florida

attorneys billed more than $251.00 per hour, with 24% billing $300.00 or more per hour. In

Central Florida, 38% of attorneys bill at $251.00 per hour, with 20% billing $300.00 or more per

hour.

In *Shannon v. Saab Training USA, Inc.*, No. 6:08-cv-803-Orl-19DAB, (M.D. Fla. June 3,

2009), Judge Fawsett reviewed several surveys conducted by national publications and

concluded that based on these national and local statistics, the practices in this District, and this

Court's experience handling countless FLSA cases, that the prevailing hourly rate in the (Middle

District) for attorneys are as follows:

| Years of Experience | Hourly Rates (approximate) |
| --- | --- |
| Less than 3 | $125 to $175 |
| 3 to 5 | $175 to $225 |
| 5 to 7 | $225 to $275 |
| Over 7 years | $275 and up |

*Id*. at pp. 4-5.  Based on the chart, a reasonable hourly rate for Plaintiffs' counsel would be *at least* $275.00 per hour.[4]   The attorneys' fee in this case is based upon the lodestar prevailing rate as permitted by 29 U.S.C. § 216(b).

### F.        Additional *Johnson* Factors

Regarding the other *Johnson* factors, this was not a simple matter of a single plaintiff. Rather, Opt-In Plaintiffs came and went from the litigation on a fairly regular basis, posing challenges for counsel, not the least of which was obtaining discovery responses from those who were still active, and determining which opt-ins *were* still active.  A great deal of time was spent attempting to locate and communicate with the plaintiffs.  Counsel's fee was contingent, and counsel had to turn down other matters due to the amount of work required for this case. Plaintiffs' counsel normally defends matters such as this, and as such has never been awarded attorneys' fees under the FLSA.

This case did not settle in the early stages, but was litigated over the course of a year, including depositions and mediation.  When, at mediation, it became clear that the claims would be difficult to resolve when fees were taken into account, instead of accruing additional and unreasonable fees, the Parties agreed to take collectible damages for the Plaintiffs, and to determine attorneys' fees separately.  As such, counsel for Plaintiffs can not be said to have acted in any way that could be construed as trying to run up fees.

Title 29 U.S.C. § 216(b) authorizes a prevailing plaintiff in FLSA cases to recover attorneys' fees and costs.  In order to be a "prevailing plaintiff," the plaintiff need only "obtain some relief on the merits of his claim," which can come from a judgment as well as a settlement agreement, because both are "court ordered changes in the legal relationship between the plaintiff and the defendant."  *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of*

---

[4]  Plaintiffs' attorney was admitted to the Florida Bar in 1996.

*Health and Human Services*, 532 U.S. 598, 604, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001). See also *Texas State Teachers Ass'n v. Garland Independent School District*, 489 U.S. 782, 792, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989); *Maher v. Gagne*, 448 U.S. 122, 129, 100 S. Ct. 2570, 65 L. Ed. 2d 653 (1980). Here, all Plaintiffs settled their claims against the Defendants, with this Court retaining jurisdiction to enforce the terms of the settlement; as such, there has been a court-ordered change in the Parties' legal relationship, such that the Plaintiffs are the prevailing party.

"Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." *Holyfield v. F.P. Quinn & Co.*, No. 90 C 507, 1991 WL 65928, at *1 (N.D. Ill. April 22, 1991) (awarding $6,922.25 in fees and costs when the plaintiff had obtained a judgment for $921.50); see *Fegley v. Higgins*, 19 F. 3d 1126, 1134-35 (6th Cir. 1994) (affirming award of $7,680.00 in overtime compensation and $40,000 in attorneys' fees); *Cox v. Brookshire Grocery Co.*, 919 F. 2d 354, 358 (5th Cir. 1990) (affirming an award of $1,181.00 in overtime compensation and $9,250.00 in attorneys' fees); *Bonnette v. Cal. Health & Welfare*, 704 F. 2d 1465, 1473 (9th Cir. 1983) (affirming award of $18,455 in damages and $100,000 in attorneys' fees). This case is no different.

## TOTAL FEE AWARD

When considering recent fee awards, the overwhelming majority of fee awards in the Middle District, and the surveys listed above, the objective evidence yields that $30.00 per hour is a reasonable rate for counsel in this matter. Respectfully, the total fee for Anderson Law Group, P.A. should be $61,705.00 as well as costs in the amount of $2,190.21. This amount would be reduced by the amount agreed to in the settlement agreements regarding sanctions.

WHEREFORE, Plaintiff and Opt-In Plaintiffs respectfully request that this Court grant this motion in its entired, and for any other such relief as this Court deems just and proper.

Dated this 28th day of June, 2013.

ANDERSON LAW GROUP

/s/ Tracy M. Henry
Tracy M. Henry, Esq.
Florida Bar No.:  073865
13577 Feather Sound Dr., Suite 670
Clearwater, FL  33762-5532
Telephone:  (727) 329-1999
Facsimile:  (727) 329-1499
Email:  thenry@floridalawpartners.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of June, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will provide electronic notice of such filing to all counsel of record.

/s/ Tracy M. Henry
Tracy M. Henry
Florida Bar No.:  073865